### JARED S. HOWE vs. BAILEY BARTLETT.

If, after an attachment of mortgaged goods, the mortgagor goes into insolvency, it is the
duty of the attaching officer to deliver them to the mortgagee, and not to the assignee
of the mortgagor.

TORT against a deputy sheriff for the conversion of goods,
which the plaintiff claimed under a mortgage. Upon agreed
facts, which sufficiently appear in the opinion, judgment was
rendered in the superior court for the defendant; and the plain-
tiff appealed to this court.

D. Saunders, Jr., for the plaintiff.

D. H. Mason, (N. G. White with him,) for the defendant.

CHAPMAN, J. The validity of the plaintiff's mortgage and
of the defendant's attachments is admitted. But it appears
that after the attachments the mortgagor, Dodge, went into
insolvency. The defendant, being appointed messenger, there-
upon claimed to hold the property as such, and as soon as an
assignee was appointed he delivered over the property to him.
The assignee took it, and withholds it from the plaintiff.

This disposition of the property was illegal. The defendant

had taken it by attachment, under the statute ; and the statute authorized him to take it only by attachment upon mesne process. Its provisions did not extend even to a seizure on execution. *Lyon* v. *Coburn,* 1 Cush. 278. *Lamb* v. *Johnson,* 10 Cush. 126.

The *St.* of 1838, *c.* 163, § 5, gave to assignees a right to redeem mortgaged property, but not to take it from the possession of a mortgagee without redemption. In respect to property not mortgaged, it is the duty of an attaching officer to deliver it to a messenger. *Penniman* v. *Freeman,* 3 Gray, 245. But to hold that this duty extends to property taken by attachment from the possession of a mortgagee would be inconsistent with his rights ; for it is a delivery of the property into the hands of one who has no right of possession as against the mortgagee. It is settled that the mortgagee is entitled to possession as against the assignee. *Briggs* v. *Parkman,* 2 Met. 258.

The dissolution of the attachment restored to the plaintiff an immediate right of possession ; and the delivery of the property to the assignee instead of the plaintiff was a conversion. ·

But as the assignee is the person entitled to the surplus, the plaintiff can recover only the amount due on his mortgage, with interest.